UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIDGETT NICHOLE BERRYHILL ET AL     CIVIL ACTION NO. 24-cv-858

VERSUS     JUDGE S. MAURICE HICKS, JR.

JESUS RUBEN RAMIREZ ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendant NFI Interactive Logistics, LLC and AIG Claims, Inc. filed their Diversity Jurisdiction Disclosure Statement (Doc. 7). More information is needed about the citizenship of NFI, as explained below.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

NFI Interactive Logistics, LLC states that its sole member is NFI, L.P. It then states that NFI, L.P. has three limited partners and one general partner (unidentified) that "ultimately control" NFI, L.P. Defendants allege that the limited partners and general partner are "owned by three trusts," with their respective trustees domiciled in Colorado, Pennsylvania, Florida, and Texas.

These allegations are too vague to properly assert the citizenship of NFI Interactive Logistics. All partners in NFI, L.P., general or limited, need to be identified, and their citizenship must be alleged in accordance with the applicable rules. Mullins v. TestAmerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership). Furthermore, an allegation that an unincorporated entity such as an LLC or partnership is "owned" by someone is not enough to allege citizenship with specificity. The party must set forth the particular members/partners. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023).

Accordingly, Defendants must file an amended Diversity Jurisdiction Disclosure Statement that alleges with specificity the identity of each of the partners of NFI, L.P. and, in turn, their members/partners/citizenship through the various layers until citizenship is established. The deadline for doing so is **July 26, 2024**.

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The parties also have an interest in determining early on whether the court has jurisdiction, so as to avoid wasting time and resources in an improper court. The Fifth

Circuit also examines such issues on its own, and parties that have won before the district court have seen cases dismissed or remanded when they did not ensure that their district court pleadings included specific information about the citizenship of each party. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001) and Bank of America, N.A. v. Fulcrum Enterprises, LLC, 642 Fed. Appx. 334 (5th Cir. 2016).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of July, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge