UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRIDGETT NICHOLE BERRYHILL ET AL | CIVIL ACTION NO. 24-cv-858 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JESUS RUBEN RAMIREZ ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendant NFI Interactive Logistics, LLC and AIG Claims, Inc. filed a Diversity Jurisdiction Disclosure Statement (Doc. 7). More information was needed about the citizenship of NFI, so the court issued an order (Doc. 11) that explained what was needed and allowed time to file an amended disclosure statement. The amended disclosure statement (Doc. 16) is also lacking, so another amendment must be filed by **August 30, 2024** in accordance with the instructions below.

The prior order explained that an allegation that an unincorporated entity such as an LLC or partnership is "owned" by someone is not enough to allege citizenship with specificity. The party must set forth the particular members/partners. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023). The amended disclosure statement asserts that NFI's sole member is a limited partnership that is "owned by" three trusts and one general partner. The general partner is described as a limited partnership that is "owned by" the same three trusts. The second amended disclosure statement will need to specify whether the three trusts and one general partner are the only partners in NFI, LP and whether the three trusts are the only partners in the general partner. Such specificity is

needed because there are other means, such as intervening entities, by which one company may "own" another without being an actual member or partner, and it is the actual members or partners (each of them) that are critical to assessing diversity jurisdiction.

Federal courts are courts of limited jurisdiction. When parties invoke diversity jurisdiction, the burden is on them to allege the citizenship of each party with specificity. The court does not enjoy spending time nitpicking the jurisdictional filings, but failure to do so can and has resulted in a tremendous loss of time and resources spent on federal litigation where it was later determined that there was never any jurisdiction. Airtight citizenship allegations at the early stage of the case avoids such problems.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2024.

Mark L. Hornsby
U.S. Magistrate Judge